# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOE BOB SMITH, ET AL., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-02629 |
| | § | |
| ESTATE OF WESLEY WAYNE | § | |
| WAGNER, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before the court is the plaintiffs' motion to remand. (Dkt. 5.) After considering the parties' arguments, the evidence, and the applicable law, the court concludes that the motion for remand should be GRANTED in part and DENIED in part.

## BACKGROUND

This action began in the 152nd Judicial District Court of Harris County, Texas, where Joe Bob Smith and Patsy Smith brought suit for the payment of debts allegedly owed to them[1] and for the payment of life insurance benefits allegedly owed to Patsy Smith. With respect to the life insurance claim, Patsy Smith alleges that she was designated as the secondary beneficiary under life insurance policies obtained by the late Tamra Curl. As a result of the concurrent deaths[2] of Tamra

---

[1] In their first amended petition, the Smiths claim that the late Wesley Wayne Wagner owed them money due under a loan. In addition, Patsy Smith claims that the late Tamra Curl owed her money under a loan. The court is of the opinion that these claims are separate and independent from Patsy Smith's claim to recover life insurance benefits.

[2] Tamra Curl and Wesley Wayne Wagner apparently died as a result of the same accident. The timing of their deaths is unresolved, but for the purposes of this motion, it is immaterial which person died first.

Curl and the primary beneficiary under the policies, Wesley Wayne Wagner, Patsy Smith claims she is entitled to benefits under the terms of the policies.

Patsy Smith sued the issuer of the policies, Unum Life Insurance Company of America ("Unum Life"), under a breach of contract theory for failing to pay those benefits to her.  Patsy Smith also seeks recovery from the alleged claimants of the life insurance benefits, Mason Eugene Wagner and Janis Faye Wagner, on causes of action for negligence, fraud, intentional interference with a contract, and conversion.  The Smiths also requested a declaratory judgment.

The parties dispute whether the life insurance policies obtained by Curl are governed by the Employee Retirement Income Security Act of 1974 ("ERISA").  Unum Life and the Smiths, however, agree that Curl obtained the benefits "pursuant to a policy of insurance which Tamra Curl owned through an insurance program with her employer, Oceaneering, Inc." Pls.' Mot. to Remand at 2; Def.'s Rep. to Pls.' Mot. to Remand at 1.  The nature of the policies is a key matter for this court to resolve.

## PROCEDURAL HISTORY

The Smiths filed their suit on June 21, 2006.  On July 5, 2006, and again on July 10, 2006, the Smiths' attorney sent Unum Life a courtesy copy of the petition via facsimile.  Unum Life, however, did not receive formal service of the petition until July 12, 2006.  On August 10, 2006, Unum Life removed the case pursuant to 28 U.S.C. § 1441(b) (federal question removal).  The next day, defendants Janis Faye Wagner, individually and as administratrix of the Estate of Wesley Wayne Wagner and as co-administratrix of the Estate of Tamra Curl, and Mason Eugene Wagner filed a notice of consent to removal.

The Smiths then moved to remand the case back to state court on August 22, 2006.  Unum Life responded to the motion to remand on August 10, 2006, by filing its notice of removal.

SUMMARY OF THE ARGUMENTS

**1.      Defendant Unum Life's Basis for Removal**

Unum Life removed this case pursuant to 28 U.S.C. § 1441(b), which provides for removal

on the basis of a claim presenting a federal question. 28 U.S.C. § 1441(b) (2006). Unum Life asserts

that this court has original jurisdiction over this lawsuit because Patsy Smith seeks to recover

benefits under a life insurance plan governed by ERISA. As such, Unum Life claims that Smith's

state law breach-of-contract claim for failure to pay life insurance benefits is completely preempted

by ERISA.

As to the the Smiths' other state law claims, Unum Life notes that this court may either (1)

use its discretion to remand those matters on which state law predominates pursuant to 28 U.S.C.

§ 1441(c); or, alternatively, (2) exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 of

any claims over which the court might lack original jurisdiction because those claims are so related

to the claims over which the Court has original jurisdiction that they form part of the same "case or

controversy."

**2.      Plaintiffs' Arguments in Support of Remand**

The Smiths contend that Unum Life's removal is flawed both procedurally and on the merits.

First, the Smiths argue that Unum Life's notice of removal was not timely filed, and

therefore, Unum Life waived its right to remove. In support, the Smiths allege that the 30-day period

for removal began on June 22, 2006, when six of the seven defendants received notice of filing of

the claim. Thus, the Smiths argue that the statutory removal period lapsed on July 24, 2006,

seventeen days before Unum Life filed its notice of removal on August 10, 2006. The Smiths

concede, however, that Unum Life might not have received notice of the suit until "at the latest" July

3

10, 2006, when Unum Life received a "courtesy copy" of the Smiths' petition for the second time. Nevertheless, the Smiths point out that even if the removal period began on July 10, 2006, Unum Life still failed to timely file its notice of removal because the removal period would have lapsed on August 9, 2006.

Second, the Smiths contend that Unum Life's notice of removal is defective because it does not contain all of the materials required by 28 U.S.C. § 1446(a) nor by Rule 81 of the Local Rules of this court.  The Smiths allege that Unum Life failed to attach the following documents to its notice of removal: (1) the citation served on all defendants other than Unum Life (in violation of 28 U.S.C. § 1446(a) and of Item 1 of Local Rule 81); and (2) the docket sheet of the state court action (in violation of Item 4 of Local Rule 81).

Third, the Smiths claim that the case should be remanded because not all defendants have adequately consented to removal.  The Smiths cite two grounds in support of its lack of consent argument: (1) two defendants, the Estate of Wesley Wayne Wagner and the Estate of Tamra Curl, have not consented to removal; and (2) the four defendants who filed a notice of consent to removal are precluded from consenting because they did not file their notice within the 30-day period for removal/consent, which the Smiths claim expired on July 24, 2006.

Finally, the Smiths assert that the case is not removable because this court has no basis for federal question jurisdiction.  The Smiths contend that the portion of the suit against Unum Life is "simply a suit for breach of contract by failing to pay insurance benefits; it is NOT a suit against an ERISA plan, nor is it a suit against the Plan Administrator."  Pls.' Motion to Remand at 5. Accordingly, the Smiths argue that the claim does not "arise under" the laws of the United States. The Smiths also deny that the claim against Unum Life is completely preempted under ERISA.  The

4

Smiths further argue that their purported breach of contract claim against Unum Life is based on the state law of Texas, and that Unum Life therefore is barred from asserting a defense based on federal law under the "well-pleaded complaint" rule.

### FEDERAL COURT JURISDICTION IN REMOVAL ACTIONS

When a defendant removes a case from state court to federal court, the defendant bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In removals predicated on federal question jurisdiction, the court ordinarily determines whether a federal question exists by looking at the face of the plaintiff's state court petition. *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808. The court, however, will consider the defendant's notice of removal, other pleadings, and the record as of the time of removal if necessary to shed light on the plaintiff's pleadings. *Id*. Any ambiguities are construed against removal because the removal statute is strictly construed in favor of remand. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

### TIMELINESS OF UNUM LIFE'S REMOVAL

The Smiths contend that Unum Life's notice of removal was not timely filed, and therefore, Unum Life has waived its right to remove. The Smiths erroneously claim that the 30-day period for removal began on the date on which the first defendant in this case received notice of filing of the suit. Instead, the 30-day period for removal in this case began on the date on which a defendant received formal service of the suit, not mere notice of filing as the suit. This point was clarified by the U.S. Supreme Court in *Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354-

56 (1999) (rejecting the so-called "receipt rule").[3] Accordingly, Unum Life has timely filed its notice of removal.

Pursuant to 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed (1) within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based, or (2) within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b). A defendant waives its right to remove if it does not timely file a notice of removal. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

Before *Murphy Brothers*, the Fifth Circuit had interpreted the "or otherwise" language in § 1446(b) to mean that the 30-day removal period begins with receipt of a copy of the initial pleading through any means, not just formal service of process. *Reece v. Wal-Mart Stores, Inc.*, 98 F.3d 839, 841 (5th Cir. 1996). In *Murphy Brothers*, however, the Supreme Court rejected this so-called "receipt rule," and insisted that the removal period begins on the date a defendant receives formal service of process. *Murphy Bros., Inc.*, 526 U.S. at 356 (overruling *Reece v. Wal-Mart Stores, Inc.*, 98 F.3d 839 (5th Cir. 1996)) ("Nothing in the 1949 amendment's legislative history so much as hints that Congress, in making changes to accommodate atypical state commencement and complaint filing procedures, intended to dispense with the historic function of service of process as the official trigger for responsive action by a named defendant."). The Supreme Court held that informal service

---

[3] Despite citing at least eleven cases in support of their argument that receipt of a "courtesy copy" of the plaintiff's petition triggers the 30-day removal period, the Smiths seem to have overlooked *Murphy Brothers*, the seven-year-old Supreme Court case that overruled these cases.

based on a faxed "courtesy copy" of the complaint did not start the 30-day period for removal.  *Id.*

Here, however, the Smiths claim that the 30-day removal period began "at the latest" on July 10, 2006, the date Unum Life received a faxed courtesy copy of the Smiths' petition.  But as the *Murphy Brothers* decision makes clear, the removal period began in this case on the date the Unum Life received formal service of process.  *Murphy Bros., Inc.*, 526 U.S. at 356.  Unum Life received formal service on July 12, 2006.  Defendant Mason Eugene Wagner received formal service on July 13, 2006.  Defendant Janice Faye Wagner, individually and as administratrix of the Estate of Wesley Wayne Wagner and co-administratrix of the Estate of Tamra Curl, received formal service on July 14, 2006.  Thus, the removal period began on July 12, 2006, and ended thirty days later on August 11, 2006.  Because Unum Life filed its notice of removal on August 10, 2006, removal was timely.

## INCLUSION OF ALL REQUIRED MATERIALS

The Smiths next complain that Unum Life's notice of removal is defective because it does not contain the citation served on all defendants other than Unum Life and the docket sheet of the state court action, in violation of 28 U.S.C. § 1446(a) and of Rule 81 of this court's Local Rules.  When Unum Life filed its notice of removal on August 10, 2006, it did not attach those documents.  On September 5, 2006, however, Unum Life filed an amended index to its notice of removal, which contained all of the required documents.

Pursuant to 28 U.S.C. § 1446(a), a notice of removal must be accompanied by copies of all process, pleadings, and orders that have been served upon the defendant in the state court action.  28 U.S.C. § 1446(a) (2006).  Likewise, Local Rule 81 requires that removing defendants attach copies of all process, pleadings, and orders, as well as the state court docket sheet.  S.D. TEX. L.R. 81.  Courts have held, however, that omissions that are merely formal or modal do not affect the

right to remove and may be subsequently remedied. *See Covington v. Indem. Ins. Co.*, 251 F.2d 930, 932-33 (5th Cir. 1958) (relying on 28 U.S.C. § 1447(b)); *see also Moses v. Zimmer Holdings, Inc.*, 2006 LEXIS 44482, *10-11 (S.D. Tex. 2006) (holding that defendant's failure to file a copy of plaintiff's original petition with its notice of removal was merely a procedural defect and did not affect defendant's right to remove).

For example, in *Covington v. Indemnity Insurance Co.*, the Fifth Circuit held that the defendant's failure to attach certain state court pleadings to its notice of removal are "completely without effect upon the removal" and that the missing documents may be later supplied. *Covington*, 251 F.2d at 933. Unum Life did just that by amending its index of state court papers to include the missing citations and docket sheet. Thus, Unum Life's notice of removal was not defective under 28 U.S.C. § 1446(a) and Local Rule 81.

### CONSENT TO REMOVAL BY ALL DEFENDANTS

The Smiths also fault Unum Life's removal because they claim that not all defendants have consented to removal and because the four defendants who have consented to removal did not timely do so. As described above, the Smiths' contention that certain defendants failed to timely consent is without merit because those defendants consented to removal within thirty days after receipt of formal service. The Smiths' argument that two defendants have not consented to removal is also without merit because the authorized representative for the two defendants did, indeed, consent to removal on their behalf in her representative capacity as administrator.

Generally, all defendants who have been served in a state court action must consent to a co-defendant's removal of the action to federal court. *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) ("[A]ll served defendants must join in the removal petition filed prior to the expiration of the

8

removal period.").  Failure to consent by at least one defendant renders removal procedurally defective absent a legally sufficient explanation justifying such failure.  *Home Owners Funding Corp. of Am. v. Allison*, 756 F. Supp. 290, 291-92 (N.D. Tex. 1991).  Although each defendant need not sign the petition for removal, there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *see Jones v. Scogin*, 929 F. Supp. 987, 988 (D. La. 1996); *West v. 3M Co.*, 2006 U.S. Dist. LEXIS 37456, *6 (S.D. Tex. 2006).

Courts have recognized three exceptions to the general rule that all defendants must consent. Indeed, a removing defendant need not obtain the consent of 'nominal defendants,' *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970); defendants the removing party claims were fraudulently joined, *Jernigan v Ashland Oil Co.*, 989 F.2d 813, 815 (5th Cir. 1993); or parties who are not defendants in the removable claim, but rather only in a separate and independent claim as defined by 28 U.S.C. § 1441(c),  *Henry v. Indep. Am. Savings Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988).

Here, Defendants Janis Faye Wagner, individually and as administratrix of the Estate of Wesley Wayne Wagner and as co-administratrix of the Estate of Tamra Curl, and Mason Eugene Wagner filed a notice of consent to removal on August 11, 2006.  As discussed above, the notice of consent was filed within the 30-day removal period.  The Smiths complain that two Defendants, the estates of Wesley Wayne Wagner and Tamra Curl, have not consented to removal.  This argument fails to recognize that Janis Faye Wagner is authorized to consent to removal on behalf of both estates.

9

Janis Faye Wagner is the administratrix of the Estate of Wesley Wayne Wagner and the co-administratrix of the Estate of Tamra Curl.  She is therefore an authorized representative of both estates.  In *Getty Oil*, the Fifth Circuit stated that a person "purporting to formally act on ... behalf" of a defendant and who has "authority to do so" may consent to removal on behalf of that defendant. *Getty Oil Corp.*, 841 F.2d at 1262 n.11.  Thus, because Janis Faye Wagner consented to removal in her capacity as "[a]dministratrix of the Estate of Wesley Wayne Wagner and as [i]ndependent [c]o-[a]dministratrix of the Estate of Tamra Curl," the estates of Wesley Wayne Wagner and Tamra Curl have, indeed, consented to the removal of this action.

Alternatively, the estates of Wesley Wayne Wagner and Tamra Curl are not required to consent to removal because the claim asserted against them is not the removable claim, but rather a separate and independent claim as defined by 28 U.S.C. § 1441(c).  The Smiths are suing the two estates only for the payment of debts allegedly due to them under loans to the late Wesley Wayne Wagner and the late Tamra Curl.  These claims are unrelated to the claim against Unum Life for failure to pay life insurance benefits, which, as discussed below, is the only claim that presents a federal question.  As such, the two estates need not consent to removal, as was made clear in *Henry v. Independent Savings Association*.  *Henry*, 857 F.2d at 999.

There, the Fifth Circuit applied a well-recognized exception to the general rule that all defendants must consent to removal.  *Id*.  The plaintiff asserted a claim based on federal law against one defendant and claims arising under state law against all other defendants.  *Id*.  The court determined that the federal law claim and the state law claims were "separate and independent."  *Id*. Accordingly, the court held that the state law defendants were not required to consent to removal because "if consent were required in such a case, a plaintiff might be able to prevent removal of a

10

federal claim by joining an unrelated claim against a different defendant, and this would reduce the effectiveness of section 1441(c) in making separate and independent claims a basis for removal." *Id*.

As in *Henry*, the state law claims asserted against the two estates in this case are separate and independent from the life insurance claim asserted against Unum Life. Plaintiffs are not seeking any recovery from the two estates for the life insurance benefits to which Patsy Smith claims she is entitled. Accordingly, even if it were true that the estates of Wesley Wayne Wagner and Tamra Curl have not consented to removal, it is not necessary that they do so.

### Federal Question Jurisdiction

Patsy Smith ("Patsy") seeks recovery from Unum Life for its alleged failure to pay her life insurance benefits to which she claims to be entitled. Patsy's stated theory of recovery is breach of contract, a creature of state law. If Patsy's characterization of her claim is accurate, there is no basis for this Court to exercise jurisdiction in this case. If, however, the true nature of Patsy's claim arises under ERISA and is the type of claim that is "completely preempted" by ERISA – as Unum Life claims – then this court has original jurisdiction over this action.

Unum Life has removed this case on the basis of "federal question" jurisdiction, which grants a right of removal for cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006). Generally, the determination of whether a certain case arises under federal law turns on the "well-pleaded complaint" rule. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-10 (1983). As the Supreme Court has explained, the well-pleaded complaint rule is understood as "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute[,] ... must

be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill

or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is

thought the defendant may interpose."   *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004)

(quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).

  In particular, the existence of a federal defense normally does not create statutory "arising

under" jurisdiction, *Davila*, 542 U.S. at 207 (citing *Louisville & Nashville R. Co. v. Mottley*, 211

U.S. 149 (1908)), and "a defendant may not [generally] remove a case to federal court unless the

*plaintiff's* complaint establishes that the case 'arises under' federal law."   *Davila*, 542 U.S. at

207(quoting *Franchise Tax Bd.*, 463 U.S. at 10)).   There is an exception, however, to the well-

pleaded complaint rule.   "[W]hen a federal statute wholly displaces the state-law cause of action

through complete pre-emption," the state claim can be removed.   *Davila*, 542 U.S. at 207 (quoting

*Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)).   This is so because "[w]hen the federal

statute completely pre-empts the state-law cause of action, a claim which comes within the scope

of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."   *Id.*

at 208.   ERISA is one of these statutes.   *Id.*

  Moreover, a corollary of the "well-pleaded complaint" rule is the artful pleading doctrine.

Simply stated, this doctrine provides that a plaintiff cannot frustrate a defendant's right of removal

by carefully pleading the case without reference to any federal law.   *Rivet v. Regions Bank of La.*,

522 U.S. 470, 475 (1998).   Although it is true that the plaintiff is considered master of his complaint

and may choose not to assert a federal right that is available, when the causes of action in the

plaintiff's complaint – if properly pled – would make the case removable, the plaintiff cannot

disguise inherently federal causes of action.   *Id.*   This doctrine applies with full force to cases in

which federal law completely preempts state law.

**1.      Is the life insurance plan at issue here governed by ERISA?**

Neither the Smiths' original petition or first amended petition indicates that the life insurance plan at issue here implicates ERISA.  In its notice of removal, however, Unum Life claims that Patsy "seeks to recover benefits under a plan regulated by" ERISA.

To determine whether a benefit plan is an employee welfare benefit plan governed by ERISA, the Fifth Circuit has adopted a comprehensive, three-prong test.  *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993).  The inquiry is whether a plan (1) exists; (2) falls within the safe-harbor provision establish by the Department of Labor; and (3) satisfies the primary elements of an ERISA "employee benefit plan" – establishment or maintenance by an employer intending to benefit employees.  *Id*.  If Unum Life cannot satisfy all elements of the inquiry, the plan is not an ERISA plan.  *Id*.

In determining whether a plan exists, a court must determine "whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Id*. (citing *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982)).  Unum Life provided copies of the group insurance benefit summaries for the policies at issue as well as a copy of the materials sent to Unum Life from the insured's employer, Oceaneering International, relating to the benefits covering the life of Tamra Curl.  A review of those documents satisfies the first prong of the three-prong test.  Each of the three policies at issue were issued by Unum Life to Oceaneering International, which established the plan and paid the premiums for its employees.  The benefit summaries detail the intended benefits, describe the classes of potential beneficiaries, and explain the procedures for making a claim and receiving

benefits under the policies.  For these reasons, Unum Life has satisfied the first prong of the Fifth

Circuit's test of ERISA applicability.

To fall under the "safe harbor" provision and be exempt from ERISA regulation, a plan must

meet the four criteria established by the Department of Labor:

> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation in the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. §§ 2510.3-1(j)(1)-(4) (2006).  If the Smiths could show that the plan meets all four of the

criteria, then it is excluded from ERISA's coverage.  *Hansen v. Continental Ins. Co.*, 940 F.2d 971,

977 (5th Cir. 1991).  The Fifth Circuit has held that where the employer pays the premium for the

employees' coverage under the plan – thereby negating the first of the four safe-harbor conditions

– the plan cannot be excluded from ERISA's coverage.  *Tatum v. Special Ins. Servs.*, 2003 U.S. App.

LEXIS 24808, *2 (5th Cir. 2003).  As explained above, Oceaneering International paid the premiums

for employees' coverage under the plan, and as a matter of law, the Smiths cannot show that the plan

is exempt from ERISA because of the safe-harbor regulations.  Moreover, the policies reveal that

Oceaneering International's role was not limited to collecting and remitting premiums; it could

amend or terminate the policies.  As such, the Smiths also cannot prove the third criteria of the safe-

harbor provision.  For these reasons, Unum Life has satisfied the second prong of the Fifth Circuit's

test of ERISA applicability.

The final prong of the Fifth Circuit's test requires Unum Life to show that Oceaneering International intended to benefit its employees by establishing or maintaining the plan. *Meredith*, 980 F.2d at 355. It is evident from Oceaneering International's role in the plan selection, administration, and maintenance that it established and maintained the plan to benefit its employees. Thus, the third and final prong of the Fifth Circuit's test is satisfied.

Accordingly, the court finds that the policies at issue are governed by ERISA.

**2.      Does ERISA completely preempt Patsy's state law claim?**

Having determined that the life insurance plan under which Patsy seeks benefits is regulated by ERISA, the court must determine whether her claim is the type of claim that completely preempts state law. If it is, then this case is removable, but if not, this court must remand the case. For the following reasons, Patsy's claim is completely preempted and this case is therefore removable.

In cases involving employee benefit plans regulated by ERISA, only claims arising under section 502 of the statute, 29 U.S.C. § 1132(a), which creates a civil enforcement provision for all plan participants and beneficiaries, will completely preempt state-law claims. *Davila*, 542 U.S. at 209; *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 65-66 (1987). As the Supreme Court has recognized, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209. All other state-law claims implicating ERISA are not completely preempted. *See Arana v. Ochsner Health Plan, Inc.*, 302 F.3d 462, 468 (5th Cir. 2002), *reversed on other grounds*, 338 F.3d 433 (5th Cir. 2003) (*en banc*). If a

15

state-law claim is completely preempted by ERISA, it is removable to federal court.  *Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 276 (5th Cir. 2005).

What type of claims, then, are completely preempted by section 502?  ERISA § 502(a)(1)(B) provides: "A civil action may be brought – (1) by a participant or beneficiary – . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. §  1132(a)(1)(B).  Thus, if a beneficiary believes that benefits promised to him or her under the terms of the plan are not provided, he or she can sue to recover those benefits.  *Davila*, 542 U.S. at 210.  If pursued under a state-law theory, this type of claim is completely preempted and a federal court has original jurisdiction over the matter.

Here, Patsy claims she is a secondary beneficiary under the life insurance plan and is seeking benefits allegedly due to her under the terms of the plan.  This type of claim falls squarely within the civil enforcement remedy created by section 502, and Patsy's state-law claim for breach of contract is therefore completely preempted.

This case resembles *Davila*.  The respondents in *Davila* sought to rectify a wrongful denial of benefits promised to them as beneficiaries under the terms of an ERISA-regulated employee benefit plan.  *Davila*, 542 U.S. at 211.   In the trial court, the respondents asserted state law claims to achieve their purpose.  *Id*. at 214.  Applying the artful pleading doctrine, the Supreme Court looked past the respondents' state law claims to determine their true nature.  *Id.*  In doing so, the Supreme Court held that the respondents' claims were completely preempted by section 502's civil enforcement remedy, and therefore, the claims were removable to federal district court.  *Id.* at 221.

16

For those same reasons, Patsy's claims are removable to this court.

In support of remand, the Smiths principally rely on the Supreme Court's decision in *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*. 463 U.S. 1 (1983). Reliance on that decision, however, is malapropos. In *Franchise Tax Board*, the Supreme Court held that when a plaintiff's state law claim has not been completely preempted, and federal law exists merely as a defense to what is essentially a state law claim, removal must be denied. *Id*. There, the plaintiffs had brought suit to enforce state tax levies on an employee benefit trust fund created under ERISA. *Id*. at 4-5. Justice Brennan wrote that although the case almost certainly would turn on a construction of ERISA eventually, the plaintiff's claim was not founded on the federal statute, and so the case did not fall within the subject matter jurisdiction of the federal courts. *Id*. at 13-14.

The *Franchise Tax Board* case is understood as an application of the well-pleaded complaint rule. *See* 14B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3722 (3d ed. 1998). The Smiths fail to recognize, however, that the artful pleading doctrine operates as a corollary to the well-pleaded complaint rule. This is seen in the Supreme Court's analysis in *Davila*. *Davila*, 542 U.S. at 221. Moreover, as explained above, Patsy's claim is precisely the type of claim ERISA section 502 was created to handle. Accordingly, section 502 completely preempts Patsy's state law claim, and as a result, this court has subject matter jurisdiction over this case.

### REMAND OF CERTAIN CLAIMS

When a separate and independent federal claim is joined with an otherwise non-removable claim, the defendant may remove the entire case, but this court may remand "all matters in which

[s]tate law predominates." 28 U.S.C. § 1441(c).  Thus, for remand to be proper, the claim remanded must be (1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates.  *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998).  The court must determine whether certain claims asserted by the Smiths are separate and independent from the removable claim in this case, Patsy's claim against Unum Life.

The inquiry for determining whether a particular state-law claim is "separate and independent" from a claim arising under federal law is "where there is a single wrong to [the] plaintiff, for which relief is sought, arising from an interlocking series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."  *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951).  Regardless of the number of causes of action asserted, there has been a single wrong to a plaintiff when (1) all of the plaintiff's damages arise from a single incident, or when (2) all of the plaintiff's claims involve substantially the same facts.  *See Smith v. Amedisys, Inc.*, 288 F.3d 439, 440 (5th Cir. 2002).  If the plaintiff's allegations implicate a single wrong, the court must conclude that the claim or claims at issue are not "separate and independent" under section 1441(c).

Aside from Patsy's claim against Unum Life, the Smiths assert two types of state-law claims.  The first type of claim is for the payment of unpaid debts.  The Smiths allege that the late Wesley Wayne Wagner failed to pay them money due under a loan, and Patsy alleges that the late Tamra Curl failed to pay her money due under a loan.  Both of these claims were asserted against the estates of Wagner and Curl, and state law clearly governs.  The other type of claim sounds in tort.  Patsy contends that Mason Eugene Wagner and Janis Faye Wagner have wrongfully filed a claim for the

18

insurance benefits in question.  She asserts that they are liable for negligence, fraud, intentional interference with her contractual relationship, and attempted conversion, all claims governed by state law.  Moreover, the two types of state-law claims are not otherwise removable.

The claims alleging failure to pay debts due under a loan are wholly distinct from any claim for lost insurance benefits.  The operative facts are unrelated, the evidence necessary to prove the claim is different, and more important, the nature of the claim and the injury it seeks to remedy are dissimilar.  Therefore, this court exercises its discretion under section 1441(c) to sever those matters in which state law predominates and hereby remands the claims for unpaid debts asserted against the estates of Wesley Wayne Wagner and Tamra Curl.

The tort claims asserted against Janis Faye Wagner and Mason Eugene Wagner, however, are related to Patsy's claim against Unum Life.  Both sets of claims will require a determination of the rights, benefits, and obligations under the life insurance plan in question.  The same or similar operative facts apply to both disputes.  And Patsy's alleged injury, the nonpayment of life insurance benefits, implicates the same legal wrong.  Accordingly, the court retains jurisdiction over all questions concerning the parties' rights, benefits and obligations under the life insurance plan, including the state-law claims asserted against Janis Faye Wagner, individually and in her representative capacities, and Mason Eugene Wagner.

## CONCLUSION

Based on the foregoing discussion and analysis, the plaintiffs' motion to remand is GRANTED in part, insofar as it relates to the Smiths' claims for money allegedly due under loans to Wesley Wayne Wagner and Tamra Curl, and DENIED in part, insofar as it relates to Patsy

Smith's claim against Unum Life and her claims for negligence, fraud, intentional interference with a contractual relationship, and attempted conversion.

It is so ORDERED.

Signed at Houston, Texas, on September 25, 2006.

_____
Gray H. Miller
United States District Judge